IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID J. PISHOK, | ) | CASE NO. 4:05 CV 1142 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| DAVID BOBBY, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## I.  Introduction

Before me on referral[1] is the amended *pro se* petition of David Pishok for a writ of habeas corpus.[2]  Pishok, who is now serving a prison term of 21 years after pleading guilty to various theft and weapons offenses, alleges five grounds for relief.

In response to this petition, the State contends that three of Pishok's five grounds for relief are procedurally defaulted, one of the remaining grounds was properly denied by the state appeals court in a reasonable application of clearly established federal law, and the other fails to state a claim for federal habeas relief.[3]

Despite the counter-arguments raised in a nearly one hundred page traverse,[4] I recommend finding that most of the State's positions are well taken.  I recommend that one

---

[1] ECF # 4.

[2] ECF # 16.

[3] ECF # 18.

[4] ECF # 20.

ground (five) of the petititon be dismissed as failing to state a claim for federal habeas relief,

that one ground (one) be dismissed as procedurally defaulted, and that three grounds (two,

three, and four) be dismissed on the merits.

## II.  Facts

**A.    The underlying facts**

The state appeals court here stated the underlying facts as follows:[5]

> On July 16, 2001, Pishok and Deborah Howe robbed The Gallery store
> in Tiffin, Ohio.  After a physical confrontation with the store owners, Pishok
> and Howe fled and the store owners called the police.  Later that day, the
> police apprehended Pishok and Howe in a van matching the description of the
> van they had used to escape.  The police found in the van a gun and items that
> Pishok and Howe had stolen from the Gallery.  Pishok and Howe were
> arrested, and Pishok was indicted by a grand jury on a variety of charges.

> On December 26, 2001, Pishok filed a motion to dismiss based on a
> violation of his speedy trial rights.  The trial court found that there was a valid
> parole holder against Pishok and denied his motion.  Pishok then pled guilty
> to aggravated robbery in violation of R.C. 2911.01(A)(3), complicity to
> robbery in violation of R.C. 2923.03 (A)(2) and 2911.01(A)(2), tampering with
> evidence in violation of R.C. 2921.12(A)(1), safecracking in violation of
> 2911.31(A), carrying a concealed weapon in violation of R.C. 2923.12, having
> weapons while under disability in violation of R.C. 2923.13(A)(2), and
> possessing criminal tools in violation of R.C. 2923.24.  Pishok received a
> sentence of twenty-one years of incarceration.

> Prior to pleading guilty, Pishok had informed his trial counsel that he
> planned on appealing the speedy trial issue.  After he was sentenced, Pishok
> requested that his attorney file the appeal.  Despite this request, his attorney
> failed to timely file a notice of appeal.  This court denied Pishok's subsequent
> motion for leave to file a delayed appeal and the Ohio Supreme Court refused

---

[5] Facts found by the state appeals court on its review of the record are presumed
correct in a federal habeas proceeding unless rebutted by clear and convincing evidence to
the contrary.  *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

to consider his appeal of our denial.  It should be noted here that Pishok's trial counsel did not admit, in the motion to file the delayed appeal, that it was counsel's negligence that caused Pishok's appeal to be untimely.

Pishok, represented by new counsel, then filed a motion for post-conviction relief pursuant to R.C. 2953.21.  The trial court, pursuant to *State v. Gover*, re-sentenced Pishok in order to reinstate the time within which he could timely file a notice of appeal.  From this judgment, Pishok appeals presenting five assignments of error.[6]

## B.    The second appeal

As noted, after being re-sentenced, Pishok, represented by the Ohio Public Defender,

timely appealed his conviction and sentence asserting five assignments of error:

1.    The defendant's right to the effective assistance of counsel guaranteed under Article I, Section 10 of [sic] 16 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution was violated by trial counsel's failure to advise Pishok of the consequences of pleading guilty and to object to the consecutive sentences imposed.

2.    Pishok's guilty plea was unknowing and involuntary [sic] entered due to his misunderstanding of the consequences of pleading guilty in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

3.    Pishok's statutory and constitutional rights to a speedy trial were violated when he was not brought to trial within the time allowed by R.C. 2945.71 *et seq.*

4.    The trial court erred by imposing restitution without considering Pishok' [sic] ability to pay.

5.    The trial court erred by imposing costs.[7]

---

[6] ECF # 18 at 1-2, Attachment (state court record) at 351.

[7] *Id*. at 216-17.

-3-

The state filed a brief in response,[8] to which Pishok responded.[9] The appeals court then affirmed the judgment and sentence of the trial court.[10]

In its decision, the state court first ruled that Pishok was imprisoned before trial on a valid parole holder, contrary to Pishok's contention that any parole holder had become invalid for lack of a timely hearing.[11] This meant that the time spent in pre-trial incarceration was within the speedy trial time limits.[12]

The court then ruled that because Pishok had no enforceable appellate rights in a speedy trial act violation, he could not base either a claim of ineffective assistance of trial counsel or of making an unknowing plea of guilty on any purported failure to inform him before his plea of a non-enforceable right.[13] The appeals court concluded by finding that the requirements for restitution and for payment of costs were part of the plea arrangement agreed to by Pishok and, by statute, were protected from challenge on appeal.[14]

## C.    Ohio Supreme Court

Pishok, *pro se*, then sought leave to appeal in the Ohio Supreme Court, presenting four propositions of law:

---

[8] *Id*. at 317

[9] *Id*. at 344.

[10] *Id.* at 351.

[11] *Id.* at 355-58.

[12] *Id*.

[13] *Id*. at 358-62.

[14] *Id.* at 362-63.

1.   An appellant has a constitutional right guaranteed within the meaning of the Sixth And Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution to effective assistance of counsel on direct appeal.  When appellate counsel fails to brief the appellate court on consequential facts significant to an assignment of error presented for review, and that default substantially prejudices the outcome of the appeal, the appellant is denied his right to effective assistance of counsel.

2.   An appellant has a constitutional right guaranteed within the meaning of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution to effective assistance of counsel on direct appeal.  When appellate counsel fails to raise on direct appeal an assignment of error predicated on the deficient representations of trial level counsel for failing to conduct any adequate pre-trial motion to dismiss investigation , and a reasonable probability exists that but for trial counsel's deficiency, the trial court's disposition on the motion would have been different, the appellant is denied effective representation on the appeal and is substantially prejudiced when a reasonable probability exists that but for appellate counsel's deficiency, the outcome of the appeal would have been different.

3.   A criminal defendant has a constitutional right guaranteed within the meaning of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution to the fundamental right to a speedy trial by the State.  When the defendant is held in jail in lieu of bail solely on pending criminal charges, the defendant is entitled to application of the triple-count provision of R.C. 2945.71(E).  The State violates this fundamental right when it fails to bring the defendant to trial within the time allowed by R.C. 2945.71 *et seq.*

When a criminal defendant is being held in jail in lieu of bail solely on pending criminal charges and an inactive parole holder is subsequently lodged against the defendant, the detainer is inoperative to preclude application of the triple-count provision of R.C. 2945.71(E).

4.   A defendant has a constitutional right guaranteed within the meaning of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution to the effective assistance of counsel. When trial counsel fails to advise

the defendant of the consequences of pleading guilty, the voluntariness of the plea depends upon whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases."  When a defendant enters a plea that has not been entered knowingly, intelligently or voluntarily upon the advice of counsel, the enforcement of the plea is unconstitutional under the state and federal constitution.[15]

The State filed a memorandum in opposition,[16] and the Ohio Supreme Court denied leave to appeal, dismissing the matter as not involving any substantial constitutional question.[17]  Pishok's subsequent motion for reconsideration[18] was denied.[19]

**D.**     **Rule 26(B) application**

While the attempted appeal to the Supreme Court of Ohio was still pending, Pishok, *pro se*, sought to reopen his appeal pursuant to Ohio Appellate Rule 26(B), raising two grounds for reopening:

1.     The appellant's right to effective assistance of counsel guaranteed under Article I, Sections 10 and 16 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution was violated by appellate counsel's failure to brief the court of appeals on consequential facts significant to assignment of error III of the original appeal, and present the particulars thereof during the oral argument.  Appellate counsel's default in this regard substantially prejudiced the outcome of the original direct appeal.

2.     The appellant's right to the effective assistance of counsel guaranteed under Article I, Sections 10 and 16 of the Ohio Constitution and the

---

[15] *Id.* at 366.

[16] *Id.* at 399.

[17] *Id.* at 410.

[18] *Id.* at 413.

[19] *Id.* at 419.

> Sixth and Fourteenth Amendments to the United States Constitution
> was violated by appellate counsel's failure to raise on direct appeal an
> assignment of error predicated on trial level counsel's deficient
> representation for failing to conduct any adequate pre-trial motion to
> dismiss investigation of Ohio Adult Parole Authority procedures
> regarding their parole holders.  Appellate counsel's default in this
> regard substantially prejudiced the outcome of the original direct
> appeal.[20]

The State filed a motion in opposition[21] noting that Pishok's original appellate counsel had argued that his speedy trial rights were violated but that the appeals court had found that the time during which Pishok was held prior to trial was properly calculated and within the statutory limits.  The State further maintained, as it had before, that under the *Strickland v. Washington* test requiring a showing of both a deficient performance by counsel and prejudice from that deficiency, appellate counsel cannot be deficient for failing to argue that trial counsel was ineffective in not investigating the parole holder when the appeals court concluded that such a hold order had been properly placed against Pishok.

Agreeing with the State's position on the two issues asserted, the court of appeals denied Pishok's application to reopen.[22]

Pishok did not appeal this denial of his Rule 26(B) application to reopen the direct appeal to the Supreme Court of Ohio.

---

[20] *Id.* at 420.

[21] *Id.* at 421.

[22] *Id.* at 435.

-7-

**E.**     **Petition to vacate or set aside sentence**

While the first round of his direct appeal (to the court of appeals) was still pending,

Pishok, *pro se*, moved the trial court to vacate or set aside his sentence, asserting four

grounds for relief:

1.      The State of Ohio, by and through the Seneca County Prosecuting
Attorney, Kenneth H. Egbert, Jr., knowingly, and in "bad faith,"with
conscious design, submitted false documentation into evidence during
the pre-trial hearing on Mr. Pishok's motion to dismiss, with purpose
to defraud the trial court and prevent Mr. Pishok's statutory right to
discharge pursuant to Ohio Revised Code § 2945.73(B). Mr. Egbert's
willful deceit prejudiced the trial court's disposition of the motion to
dismiss and deprived Mr. Pishok [of] due process under the Fourteenth
Amendment to the United States Constitution and Article I, Section 16
of the Ohio Constitution.

2.      Trial counsel provided ineffective assistance by failing to proffer
available legal authority to support applicability of the "triple count"
provision of Ohio Revised Code § 2945.71(E) during the pre-trial
hearing on Mr. Pishok's motion to dismiss for statutory speedy trial
violation pursuant to Ohio Revised Code § 2945.71(C)(2) and (E).
Trial counsel's ineffectiveness prejudiced the trial court's disposition
of the motion and deprived Mr. Pishok of his rights under the Fifth,
Sixth and Fourteenth Amendments to the United States Constitution
and Article I, Sections 10 and 16 of the Ohio Constitution.

3.      Trial counsel provided ineffective assistance by deceiving Mr. Pishok
into believing that counsel would appeal the trial court's denial of
Mr. Pishok's motion to dismiss in reference to the speedy trial violation
claim, then in contrivance, counsel induced Mr. Pishok to plead guilty
without first informing Mr. Pishok that a guilty plea would effectively
waive the speedy trial violation claim for appellate review.  Trial
counsel's deceitful misrepresentation denied Mr. Pishok the fairness to
enter a knowing, intelligent and voluntary plea, and deprived
Mr. Pishok of his rights under the Fifth, Sixth and Fourteenth
Amendments to the United States Constitution and Article I,
Sections 10 and 16 of the Ohio Constitution.

4.      In violation of due process of law, the State of Ohio, by and through the Seneca County Prosecuting Attorney, Kenneth H. Egbert, Jr., in collusion with Mr. Pishok's court appointed counsel, Derek W. DeVine, willfully and in "bad faith," with conscious design, conspired to deny Mr. Pishok of [sic] both constitutional and statutory rights, and deprived Mr. Pishok substantial rights as guaranteed him within the meaning of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution.[23]

The State filed a motion to dismiss[24] to which Pishok filed a response.[25]  The trial court then asked for briefs on why it should not order an evidentiary hearing.[26]  Pishok filed a brief asserting that a hearing should be held;[27] the State countered by contending that no hearing was needed, re-asserting its motion to dismiss along with proposed findings of fact and conclusions of law.[28]

Pishok then, with leave of the court, amended his petition to include a fifth claim for relief:

5.      In violation of due process of law, the trial court abused its discretion and denied Mr. Pishok a fair and impartial hearing on his motion to dismiss for statutory speedy trial violation pursuant to Ohio Revised Code § 2945.71(C)(2) and (E), when the trial court knew or had reasonable cause to believe that Mr. Pishok's claimed speedy trial violation had merit, and allowed the Seneca County Prosecutor's Office

---

[23] *Id.* at 437.

[24] *Id*. at 499.

[25] *Id*. at 503.

[26] *Id*. at 518.

[27] *Id.* at 551.

[28] *Id.* at 569.

and Mr. Pishok's court-appointed attorney to perpetrate a fraud on the Court and Mr. Pishok, to deny Mr. Pishok of [sic] both constitutional and statutory rights as guaranteed to him within the meaning of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution.[29]

The State filed a response;[30] Pishok replied;[31] and, in an extensive opinion, the trial court dismissed the petition.[32]  Specifically, the court noted in its findings of fact that "Pishok was completely advised of his appellate rights at his plea hearing" and that his affidavits alleging collusion between the prosecutor and his defense counsel "are also not credible or reliable."[33]  The court went on to hold in its conclusions of law that "the parole holder against Pishok was valid," thereby precluding the application of the triple-count provisions of Ohio law and undermining any claim of ineffective assistance of counsel since it would not meet the prejudice test of *Strickland*.[34]

The court further held that the record showed "full compliance" with Ohio Criminal Rule 11 regarding voluntary pleas, which finding "has greater probative value than Pishok's self-serving statements made at the November 21, 2002 hearing and the unsupported

---

[29] *Id.* at 573.

[30] *Id.* at 584.

[31] *Id.* at 584.

[32] *Id.* at 606.

[33] *Id*. at 610.

[34] *Id.* at 611.

allegations contained in his affidavits."[35]  Thus, there is "no factual or legal merit" to the claims of collusion between the prosecutor and defense counsel, and "absolutely no evidence to support any claims that the trial court knew or had reasonable cause to believe that Pishok's claimed speedy trial violation had merit," because, as noted, the court had concluded that the parole holder was valid.[36]

Pishok filed a timely appeal from this dismissal asserting three assignments of error:

1.  In violation of due process, the trial court denied Mr. Pishok a fair and impartial hearing on his pre-trial motion to dismiss for speedy trial violation pursuant to R.C. § 2945.71(C)(2) and (E), and erred in overruling the motion.

2.  Trial counsel's ineffective assistance induced Mr. Pishok to enter an uncounseled guilty plea that was not knowingly, intelligently, or voluntarily made in violation of both State and Federal Constitutions.

3.  The trial court abused its discretion when it dismissed Mr. Pishok's post conviction petition without conducting an evidentiary hearing.[37]

The State filed a memorandum in opposition.[38]  Pishok filed a reply brief.[39]  The court of appeals affirmed the judgment of trial court dismissing the petition.[40]

---

[35] *Id.* at 612.

[36] *Id.*

[37] *Id*. at 614.

[38] *Id.* at 733.

[39] *Id.* at 757.

[40] *Id.* at 770.

Pishok then timely sought leave to appeal from the Ohio Supreme Court, raising only a single proposition of law:

1.  A trial court abuses its discretion in refusing to hold an evidentiary hearing on a petitioner's petition for postconviction relief claiming prosecution violated his due process rights by submitting false, inaccurate and misleading evidence to the trial court during a pretrial hearing on a motion to dismiss for speedy trial rights violation when the claim relies on evidence outside the record sufficient to render the judgment of conviction void or voidable.[41]

The State filed a memorandum opposing jurisdiction.[42] On February 22, 2006, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.[43]

## F.    Federal habeas petition

On May 6, 2005, Pishok filed the present petition for federal habeas relief, propounding for grounds for granting the writ:

1.  Petitioner was denied his constitutional right to due process of law when denied a fair and impartial hearing on constitutional and statutory speedy trial violation.

2.  The Petitioner's conviction was obtained by and through an uncounseled guilty plea that was not made knowingly, intelligently or voluntarily, in violation of due process.

3.  Petitioner was denied his constitutional right to effective assistance of appellate counsel on direct appeal, in violation of due process of law. [Failure to raise the issue of ineffective assistance of trial counsel.]

---

[41] *Id.* at 781.

[42] *Id.* at 811.

[43] *Id.* at 820.

4.      Petitioner was denied his constitutional right to effective assistance of appellate counsel on direct appeal, in violation of due process of law. [Failure to raise the issue of speedy trial violation.][44]

Upon obtaining permission of the Court,[45] Pishok amended his petition, adding the following ground:

5.      The trial court abused its discretion in refusing to hold an evidentiary hearing on Petitioner's post-conviction relief petition claiming that the prosecution violated the petitioner's due process rights within the meaning of the Fourteenth Amendment to the United States Constitution by submitting false, inaccurate and misleading evidence to the trial court during a pre-trial hearing on a motion to dismiss for speedy trial rights violation when the claim relied on evidence outside the record sufficient to render the judgment of conviction void or voidable and the fact-finding procedure employed by the trial court was not adequate to afford a full and fair hearing on the petition.[46]

The State filed a return,[47] contending that grounds one, three and four of Pishok's petition are procedurally defaulted.[48]  The State maintains that in not appealing from the denial of his Rule 26(B) application and in limiting his appeal from the dismissal of his post-conviction petition to a single issue, Pishok failed to present these grounds for habeas relief to the Ohio Supreme Court, which does not allow delayed appeals in either Rule 26(B) or post-conviction matters.[49]

---

[44] ECF # 1.

[45] ECF # 15.

[46] ECF # 16.

[47] ECF # 18.

[48] *Id*. at 16.

[49] *Id.*

The State further asserts, as to ground two and the claim that Pishok's guilty plea was involuntary, that the decision of the state appeals court – that no speedy trial violation existed and thus Pishok suffered no prejudice from any failure to inform him before the plea that his guilty plea waived any appellate rights as to speedy trial violations – was not an unreasonable application of clearly established federal law.[50]

In addition, the State argues that Pishok's fifth ground – challenging the denial of an evidentiary hearing at his post-conviction proceeding – does not state a ground for federal habeas relief since the writ is not available to assert claims of constitutional error that took place during a state post-conviction proceeding.[51]

In a 98-page traverse,[52] Pishok raises several arguments in response to the State's assertions.

As to the State's claim that ground one – the lack of a hearing on the speedy trial claim – is procedurally defaulted,  Pishok maintains that "although ground one is not phrased the same" as what was presented to the Ohio Supreme Court on direct appeal, the absence of a speedy trial hearing was before the Ohio Supreme Court in the context of his claim that he was brought to trial in violation of his speedy trial right.[53]  Pishok asserts that although "not specifically phrased verbatim as the denial of a fair and impartial hearing as

---

[50] *Id.* at 20.

[51] *Id.* at 39.

[52] ECF # 20.  Attached to the traverse are an additional 66 pages of exhibits.

[53] *See*, *id.* at 64-65.

couched now in the instant habeas action, the Ohio Supreme Court was afforded a full and fair opportunity to address the appropriate analysis with respect to the issue of whether an inactive APA retained precludes a criminal defendant the constitutional and statutory right to be tried without inordinate delay the same as everyone else."[54]

Pishok then contends that any failure to timely appeal habeas grounds three and four to the Ohio Supreme Court – grounds which were initially presented in Pishok's Rule 26(B) application – is due to the Ohio Supreme Court not recognizing the "mailbox rule" in appeals filed by prisoners.  Pishok states that he deposited his appeal for mailing to the Supreme Court with prison authorities on May 3, 2004 – three days before his 45-day deadline expired – but that appeal was not received by the Supreme Court until May 7, 2004, one day after the deadline expired.[55]

Pishok then contends that any assertion of procedural default on grounds three and four – ineffectiveness of appellate counsel – is incorrect in any event since the Supreme Court did effectively consider these claims.  Pishok's argues that these claims, alleging ineffective assistance of appellate counsel,  were first presented to the Ohio Supreme Court in the direct appeal – Pishok's first opportunity to assert them.  He maintains that since these arguments were presented to the Supreme Court, the Supreme Court "evidently" considered them in making its decision to deny the direct appeal.[56]

---

[54] *Id.* at 71.

[55] *Id*. at 72-73.

[56] *Id.* at 78.

As to ground two – the claim that the guilty plea was not knowing or voluntary because Pishok's trial counsel permitted Pishok to enter it believing, incorrectly, that he could then appeal the alleged speedy trial violation – Pishok asserts that the claim does have merit. Specifically, he contends that the prejudice test should be whether counsel's ineffective performance affected the outcome of the plea process, not whether it affected any appeal on a speedy trial claim.[57]

Finally, Pishok maintains that ground five – challenging the failure of the trial court to hold an evidentiary hearing on the post-conviction petition – is actually not grounded in an uncognizable attack on a state post-conviction proceeding, but is a challenge to improper tactics used in the pre-trial motion to dismiss that were necessarily made in a post-conviction proceeding because they involve matters outside of the trial record.[58]

Pishok also has requested an evidentiary hearing on this petition.[59]

### III.  Analysis

I will first address the argument that ground five is not cognizable in a habeas proceeding, then analyze the three grounds – one, three and four –  that the State asserts are procedurally defaulted. I will recommend finding that ground one is barred from habeas review because of procedural default, but that grounds three and four are not barred. I will

---

[57] *Id.* at 92.

[58] *Id*. at 94.

[59] ECF # 22.

recommend finding that they should be denied on the merits.  Finally, I will review ground two on the merits and recommend that it be denied.

## A. Ground five should be dismissed as not cognizable in a federal habeas proceeding.

In ground five Pishok contends that the trial court "abused its discretion in refusing to hold a hearing on [Pishok's] post-conviction relief petition...."[60]  In response, the State argues that the Sixth Circuit in *Kirby v. Dutton*[61] has held that "the writ is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings ... because the claims address collateral matters and not the underlying state conviction giving rise to the prisoners incarceration."[62]  Pishok, in rebuttal, contends that the real issue here is that the prosecutor submitted false evidence to the trial court during the pre-trial motion to dismiss for speedy trial and that issue is part of the underlying conviction.[63]

In *Cress v. Palmer*,[64] the Sixth Circuit has recently restated its consistent holding that "errors in post conviction proceedings are outside the scope of federal habeas review."[65] *Cress* notes, as Pishok contends, that although the ultimate goal of post-conviction

---

[60] ECF # 1.

[61] *Kirby v. Dutton*, 794 F.2d 245 (6th Cir. 1986).

[62] *Id.* at 247, citations omitted.

[63] ECF # 20 at 94-95.

[64] *Cress v. Palmer*, 484 F.3d 844 (6th Cir. 2007).

[65] *Id.* at 853, citations omitted.

proceedings is release from confinement, a favorable resolution of a habeas claim related to post-conviction error would not produce that result.[66]  Thus the Court held again that "the scope of the writ [does not] reach this second tier of complaints about deficiencies in state post-conviction proceedings...."[67]  This is so even though the petitioner complains, as Pishok does here, that these deficiencies rise to the level of federal due process violations.[68]

Accordingly, pursuant to the clear teaching of *Cress*, I recommend that Pihsok's fifth ground for habeas relief be dismissed as non-cognizable in this proceeding.

## B.  Grounds one should be dismissed as procedurally defaulted; grounds three and four should not.

### 1.  Standard of review

The Sixth Circuit has formulated the standard of review applicable to claims of procedural default as follows:

> A petitioner for a writ of habeas corpus must meet certain procedural requirements to permit review of his claim by a federal court.  The petitioner must first exhaust the remedies available in state court by fairly presenting his federal claim to the state court; unexhausted claims will not be reviewed by the federal court.  The exhaustion "requirement is satisfied when the highest court in the state in which the prisoner was convicted has been given a full and fair opportunity to rule on the petitioner's claims."  The federal court will not review claims that were not entertained by the state court either due to the petitioner's failure to raise those claims in the state court while state remedies were available *or* when the petitioner's failure to comply with a state procedural rule prevented the state courts from reaching the merits of the claims.

---

[66] *Id.*

[67] *Id.*, quoting *Kirby*, 794 F.2d at 248.

[68] *Id.*

For noncompliance with a state procedure to serve as a bar to habeas review, the state procedure must satisfy the standards set forth in *Maupin v. Smith*. First, there must be a state procedure in place that the petitioner failed to follow. Second, the state court must have actually denied consideration of the petitioner's claim on the ground of the state procedural default. Third, the state procedural rule must be an "adequate and independent state ground" to preclude habeas review. This inquiry "generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims." A state procedural rule must be "firmly established and regularly followed" to constitute an adequate basis for foreclosing habeas review. A state procedural rule is an independent ground when it does not rely on federal law. If these three factors are satisfied, the petitioner can overcome the procedural default by either "demonstrat[ing] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice."[69]

To establish "cause" for a procedural default, a habeas petitioner must show that "something *external* to the petitioner, something that cannot fairly be attributable to him[,]" precluded him from complying with the state procedural rule.[70] Establishing "prejudice" requires that any alleged constitutional error be shown to have worked to the petitioner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."[71] A "fundamental miscarriage of justice" is understood to require proof of "actual innocence."[72]

---

[69] *Smith v. Ohio Dept. of Rehab. & Corrs.*, 463 F.3d 426, 430-31 (6th Cir. 2006) (internal citations omitted; emphasis in original).

[70] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (emphasis in original).

[71] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[72] *Lancaster v. Adams*, 324 F.3d 423, 436 (6th Cir. 2003).

Ineffective assistance of counsel may provide cause to excuse procedural default, but only if that claim is itself first fairly presented to and exhausted in the state courts.[73] However, a failure to exhaust state remedies on an ineffective assistance of counsel excuse for a procedural default may also be itself excused from procedural default if a federal habeas petitioner can establish cause and prejudice concerning that claim.[74]  But a claim of ineffective assistance of counsel will not serve to excuse procedural default occurring during state post-conviction proceedings because there is no right to counsel in such proceedings.[75]

**2.      *Ground one – that the trial court's hearing on the motion to dismiss for speedy trial violations was not fair and impartial – should be dismissed as procedurally defaulted because it was never fairly presented to the Ohio Supreme Court.***

As the State notes, Pishok first asserted in his post-conviction petition the claim that the trial court hearing on his motion to dismiss was not fair and impartial.[76]  The claim was denied by the trial court and the denial was affirmed on appeal.[77]  However, Pishok did not raise this argument in his discretionary appeal to the Ohio Supreme Court.[78]

Ohio Supreme Court rules do not allow for delayed appeals in matters involving post-conviction relief.[79]  Thus, the State contends, since Pishok did not permit the Ohio

---

[73] *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).

[74] *Id.*

[75] *Coleman*, 501 U.S. at 752.

[76] *See*, ECF # 18 at 20 (citing pages in the state court record).

[77] *Id.*

[78] *Id.*

[79] Ohio Sup. Ct. R. II § 2(A)(b).

Supreme Court to review this claim and since he cannot do so now, the claim must be dismissed here as procedurally defaulted.[80]

Pishok essentially argues that, because the alleged deficiencies in the hearing were apparent in the explanatory materials supporting Pishok's claim that his right to a speedy trial was violated, a claim that was presented to the Ohio Supreme Court, the Court did review this issue and so no procedural default has occurred.[81]

It is well-settled that exhaustion of state remedies requires a state prisoner to invoke one full round of the state's established review procedure.[82]  That means, as noted, presenting claims asserted in federal habeas petitions to the highest court in the state where the conviction took place.[83]  Moreover, it is also well-settled that in exhausting state remedies a federal habeas petitioner must fairly present his claim to the state courts.[84]

In construing the requirement for fair presentment, the Supreme Court has stated that in providing the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing on the petitioner's claim, "[i]t is not enough that all the facts necessary to support the federal claim [be] before the state court, or that a somewhat similar state law

---

[80] ECF # 18 at 21.

[81] *See*, ECF # 20 at 67.

[82] *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[83] *Smith*, 463 F.3d at 430-31.

[84] *Id.*; *see also*, *Picard v. O'Connor*, 404 U.S. 270, 276-77 (1971).

claim was made."[85] As the Sixth Circuit stated, a petitioner fairly presents his claim if he "present[s] 'the same claim under the same theory' to the state courts before raising it on federal habeas review."[86]

In addition, it is the petitioner that bears the burden of proving that he has satisfied the exhaustion requirement.[87]

Here, Pishok has not cited this Court to precisely where in his appeal to the Ohio Supreme Court (on the issues of whether his state-law speedy trial right was abridged or his trial counsel was deficiently prepared) he specifically raised a federal constitutional due process issue regarding the failure of the state trial judge to hold a fair hearing. Simply asserting that the underlying facts for such an argument were present somewhere in the appellate brief does not transform the brief into an assertion of the "same [federal] claim under the same theory" that is required for fair presentment. In fact, the brief to the Ohio

---

[85] *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

[86] *Hicks v. Straub*, 377 F.3d 538, 552-53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)).

[87] *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Supreme Court neither makes the same argument as is made here nor recognizably sets forth the underlying facts for such an argument.[88]

Accordingly, because Pishok did not first fairly present this claim to the Ohio Supreme Court and, by rule, cannot do so now,[89] I recommend finding that he has procedurally defaulted this claim and that it should be dismissed.

3.     ***Grounds three and four – that Pishok's appellate counsel was ineffective for not raising the argument of ineffective preparation of trial counsel and for not effectively arguing the speedy trial violation – are not procedurally defaulted because they were timely raised to the Ohio Supreme Court on direct appeal.***

Te State contends that Pishok has procedurally defaulted on habeas grounds three and four because he did not timely appeal the denial of his Ohio Appellate Rule 26(B) application, where these claims were asserted, to the Supreme Court of Ohio. Pishok argues that any default from a failure to appeal the denial of his Rule 26(B) application should be excused because he timely placed his appeal to the Ohio Supreme Court in the prison mail system, and the "mailbox rule" should apply to make his appeal timely filed.[90]

---

[88] A review of Pishok's brief to the Ohio Supreme Court (ECF #18, attachment at 366-84) discloses that he did not even make a passing reference to an alleged lack of due process in the conduct of the hearing by the trial court. Pishok's entire argument concerning the pretrial hearing to the Ohio Supreme Court, apart from disputing the result, was that his trial counsel was ineffective for not investigating the issue thoroughly so that he could have been successful at the hearing. *See*, *id.* at 379-80. There is absolutely nothing in the nearly 20 page brief suggesting that it was the trial court's conduct of the hearing – rather than the ineffectiveness of trial counsel or a wrong conclusion – that was responsible for Pishok's failure to obtain speedy trial relief at the pretrial hearing.

[89] The Ohio Supreme Court rule prohibiting delayed appeals in post-conviction or Ohio App. R. 26(B) matters is an adequate procedural ground to foreclose federal habeas review. *Smith*, 463 F.3d at 432.

[90] ECF # 20 at 72-76.

-23-

More importantly, Pishok also asserts that this Court should recognize no default in the first place because he presented these claims to the Supreme Court of Ohio during direct review at his first opportunity to do so. The State counters that because the Ohio Supreme Court "will not ordinarily consider a claim of error that was not raised in any way in the Court of Appeals,"[91] this Court should assume that the Ohio Supreme Court followed that rule in not reviewing claims that had not first been presented to the appeals court.[92]

Although of less consequence, I will initially address Pishok's contention that his failure to timely appeal the denial of the Rule 26(B) application is excused by cause. I will then examine the decisive issue of whether presenting claims of ineffective assistance of appellate counsel for the first time to the Ohio Supreme Court on direct appeal, followed by incorporating them into a Rule 26(B) application, exhausts those claims for federal habeas purposes.

As to the initial inquiry, Pishok maintains, on the purported authority of *Houston v. Lack*,[93] that it would not be "inappropriate to conclude that a notice of appeal is 'filed' within the meaning of the rules at the moment it is delivered to prison authorities for forwarding to the clerk of the Ohio Supreme Court."[94]

---

[91] ECF # 18 at 22.

[92] *Id*. at 25.

[93] *Houston v. Lack*, 487 U.S. 266 (1988).

[94] ECF # 20 at 75.

Regardless of the federal rule that considers *pro se* prisoner, federal notices of appeal "filed" when they are turned over to prison authorities for mailing, the Ohio Supreme Court has specifically rejected this rule.[95]  The Sixth Circuit has expressly held that federal habeas courts in Ohio must defer to this state court's judgment on when a pleading is considered filed.[96]

Accordingly, if grounds three and four are defaulted, Pishok has not excused that default by showing that he delivered his appeal for mailing to Ohio prison authorities within the time limits for such an appeal.

However, notwithstanding that Pishok has not shown that he could excuse any default, the State has not established a procedural default here that needs to be excused.

Pishok presented these claims concerning alleged ineffective assistance by appellate counsel at "the first opportunity" he could do so[97] – his direct appeal to the Ohio Supreme Court.  As the State routinely argues in habeas cases, Ohio law and practice is clear that if

---

[95] *State ex rel. Tyler v. Alexander*, 52 Ohio St. 3d 84, 85, 555 N.E.2d 966, 967 (1990). According to the Ohio Supreme Court, a pleading is considered filed on the day it is actually filed with the court.

[96] *Vroman v. Brigano*, 346 F.3d 598, 603-04 (6th Cir. 2003).

[97] *See*, *Monzo v. Edwards*, 281 F.3d 568, 578 (6th Cir. 2002) (quoting *State v. Williams*, 74 Ohio St. 3d 454, 455 (1996) (per curiam)).

Pishok had failed to do this, his Rule 26(B) claims would have been summarily dismissed as res judicata.[98]

Now, the State maintains that raising claims of ineffective assistance of appellate counsel at that very first opportunity – the direct appeal to the Supreme Court – still subjects the petitioner to a procedural default if, after the claim is denied in a subsequent Rule 26(B) application, that claim is not also re-presented to the Ohio Supreme Court on appeal from the Rule 26(B) denial.

Both positions cannot be correct.

If the claim is first presented to the Supreme Court on direct appeal, as the State regularly asserts it must be, then there can be no requirement, as the State asserts here, that its subsequent denial by an appeals court in a Rule 26(B) application must also be appealed. Surely, an appeal in such circumstances would be subject to immediate dismissal on the

---

[98] *See*, *e.g.*, *Thompson v. Bradshaw*, No. 1:04-cv-2204, 2007 WL 2080454, at *8 (N.D. Ohio July 16, 2007) ("Since the petitioner could have raised the issue of ineffective assistance of [appellate] counsel on direct appeal to the Supreme Court of Ohio, but did not, res judicata barred any further litigation of this claim.") (internal citation omitted). *Thompson* provides a good contemporary analysis of current Ohio law and practice around the issue of raising claims of ineffective assistance of appellate counsel and how res judicata will be invoked by Ohio courts and recognized by federal habeas courts to bar consideration of claims not first asserted to the Ohio Supreme Court on direct appeal.  *See also*, *State v. Perry*, 10 Ohio St. 2d 175, 226 N.E.2d 104, syllabus at ¶ 9 (1967) for Ohio's doctrine of res judicata.

grounds of res judicata, since the Supreme Court would simply note that it is the same claim that had been before it earlier.[99]

The confusing and contradictory situation arising out of how claims of ineffective assistance of appellate counsel are to be properly asserted in Ohio is deeply troubling.  The "heads-I-win, tails-you-lose" approach urged by the State creates a situation where no matter which course a petitioner chooses – raising the issue first to the Supreme Court on direct appeal or first to the appeals court in a Rule 26(B) application – his claim will be considered procedurally defaulted, and remain unreviewed, for not having chosen the untaken road.

While a comprehensive resolution of this matter is not before this Court, I do recommend finding that by first raising his ineffective assistance of counsel claims in his direct appeal to the Ohio Supreme Court, as mandated by Ohio law, and by not needlessly seeking a second appeal from their denial by the appellate court in his 26(B) application, Pishok has afforded Ohio courts a full and fair opportunity to pass on these claims, including a chance for the Ohio Supreme Court to be heard thereon.  Accordingly, I recommend finding that no procedural default has occurred with respect to grounds three and four.

Alternatively, as the United States Supreme Court has held, considerations of judicial economy may dictate that a federal habeas court overlook a procedural default and reach the

---

[99] The logical extension of the State's standard res judicata argument, as recognized in *Thompson*, 2007 WL 2080454, is that Ohio Appellate Rule 26(B) only applies when the defendant has the same counsel in the court of appeals and the Supreme Court.  Otherwise, when a defendant has new counsel in the Supreme Court or as here, proceeds on to the Supreme Court *pro se*, he must raise ineffective assistance of appellate counsel as one of the propositions of law to have any chance for consideration by the Ohio courts (and avoid procedural default).

merits of the underlying issue when that issue is "easily resolvable against the habeas petitioner, whereas the procedural-bar issue involve[s] complicated issues of state law...."[100] Similarly, the Sixth Circuit also teaches that a procedural default may be overlooked during habeas review when its resolution is unnecessary to disposing of the petition.[101]

Thus, whether because there was no default here or because resolving the issue of whether a default occurred is not necessary to resolving the underlying claims against Pishok, this analysis will now proceed to those claims.

**C.  Grounds three and four should be denied on the merits.**

***1.  Standard of review – unreasonable application of clearly established federal law***

Where the petitioner's federal constitutional claims were reviewed by a state court, as here was done by the state appellate court in denying Pishok's Rule 26(B) application, the federal habeas court evaluates that decision according to one of two tests articulated by the Supreme Court in *Williams v. Taylor*.[102]

A state decision is "contrary to" clearly established federal law when the state court "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or where "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite of [the Supreme Court]."[103]

---

[100] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[101] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[102] *Williams v. Taylor*, 529 U.S. 362 (2000).

[103] *Id.* at 405.

A state adjudication is an "unreasonable application of" clearly established federal law when it "identifies the correct governing legal rule from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[104]  A merely erroneous or incorrect decision is not an unreasonable application of federal law.[105]  Rather, the application by the state tribunal must be "objectively unreasonable."[106]

## 2.    *Standard of review – ineffective assistance of appellate counsel*

To establish ineffective assistance of counsel, a habeas petitioner must show that (1) his counsel's performance was constitutionally defective, and (2) that this deficient performance prejudiced his defense so as to render the trial unfair and the result unreliable.[107]

In addressing the first prong of this test, a habeas court must initially recognize that "counsel is presumed to have rendered adequate service and made all significant decisions in the exercise of reasonable professional judgment."[108]  As *Strickland* emphasized, "strategic choices made after a thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after a less than complete investigation

---

[104] *Id.* at 413.

[105] *Id.* at 409.

[106] *Id.*

[107] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[108] *Id.* at 690.

are reasonable precisely to the extent that reasonable professional judgment supports the limitations on investigations."[109]

In assessing whether deficient performance prejudiced the petitioner's defense, the reviewing court must determine if "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different."[110]  This requires more than showing that "the errors had some conceivable effect on the outcome of the proceeding, because virtually every act or omission of counsel would meet that test."[111] Rather, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[112]

Both prongs of the test must be met to justify granting the writ,[113] but courts need not analyze both elements if the claim can be denied upon the petitioner's failure to meet one aspect of the standard.[114]

Ineffective assistance of appellate counsel is also established by an application of a comparable test.[115]  Specifically, the Supreme Court has recognized that effective appellate

---

[109] *Id.*

[110] *Id.* at 694.

[111] *Williams*, 529 U.S. at 394 (citing *Strickland*, 466 U.S. at 693).

[112] *Strickland*, 466 U.S. at 686.

[113] *Id.* at 697.

[114] *Baze v. Parker*, 371 F.3d 310, 321 (6th Cir. 2004).

[115] *Smith v. Jago*, 888 F.2d 399, 405, n.1 (6th Cir. 1989).

-30-

advocacy involves "winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues."[116] A litigant on appeal does not have a right to require his appellate counsel to make every non-frivolous argument possible, "if counsel decides as a matter of professional judgment not to press those points."[117] The test for effectiveness here, as with trial counsel, is whether, but for the purported error, there is a reasonable probability that the result of the appeal would have been different.[118]

3.  *The state appeals court decision denying Pishok's two claims of ineffective assistance of appellate counsel was not an unreasonable application of clearly established federal law.*

The state appeals court decision denying Pishok's Rule 26(B) application notes first that the court analyzed Pishok's contentions pursuant to the *Strickland* standards.[119] It then observes that the "record does not support appellant's assertion that appellate counsel was deficient for failing to brief the court on the 'consequential facts' and [that] the issue of appellant's parole holder was raised by appellate counsel and addressed on direct appeal."[120] Consequently, Pishok's motion to reopen was denied.[121]

---

[116] *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983).

[117] *Bowen v. Foltz*, 763 F.2d 191, 194 n.4 (6th Cir. 1985) (citing *Jones*).

[118] *Id.* at 194, citing *Strickland*.

[119] ECF # 18, Attachment at 435.

[120] *Id.*

[121] *Id.*

The record shows that Pishok's argument on appeal had been that his pre-trial prison time had been miscalculated – and thus his speedy trial rights violated –  because the state had not complied with the rules for holding him pursuant to a parole violation, a form of detention that, if validly done, would not have resulted in a speedy trial violation.  The state appeals court denied Pishok's interpretation of the statute and concluded that he was validly held, thus eliminating any speedy trial claim.

The claims of ineffective assistance asserted during the Rule 26(B) proceeding, as well as in this petition, fail to show how anything appellate counsel could have argued would have changed the conclusion of the appeals court that the law on parole holders was properly applied and thus no speedy trial violation took place.  Similarly, the claim that appellate counsel was ineffective for not raising an argument that trial counsel was deficient in not arguing the parole holder issue also runs up against the fact that appellate counsel did argue the basic claim of inappropriate use of the parole holder on direct appeal, which argument was found to be without merit by the appeals court.

Federal habeas courts must accept state court judgments as to the operation of state law.[122]  In addition, as noted, an appellate attorney cannot be deemed ineffective unless there is a reasonable probability that, but for the alleged error, the result of the appeal would have been different.

---

[122] *See*, *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001) ("Because state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and its rules of practice.").

In this case, the decision of the appeals court in denying the Rule 26(B) application – that there was no evidence that the results here would have been different if Pishok's appellate counsel had argued that trial counsel should have done more investigating of parole authority procedures (ground three) or if appellate counsel had filed a better brief containing "consequential facts" of how the parole holder was not properly applied to Pishok (ground four) – was not an unreasonable application of clearly established federal law.

Thus, I recommend finding that grounds three and four of this petition be denied.

**D.     Ground two – that Pishok's guilty plea was involuntary – has no merits because, as the state appeals court ruled, even if defense counsel erred in not informing Pishok that he could not appeal his alleged speedy trial violation after pleading guilty, that err did not prejudice him because there was no speedy trial violation.**

The essence of Pishok's claim here is that, but for his defense counsel's erroneous statement that Pishok could plead guilty and then appeal his claimed speedy trial violation, Pishok would not have pled guilty and, thus, his plea was involuntary.

Although phrased as an involuntary guilty plea, the ground for relief is, in essence, a claim of ineffective assistance of trial counsel.[123]   As previously noted, the test for ineffective assistance of counsel involves two elements:  first, whether counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; and second, that such deficient performance prejudiced the defendant by

---

[123] *See*, *United States v. Bice*, No. CRIM.A 5:02CR-11-J, 2005 WL 2467706 (Oct. 5, 2005 W.D. Ky.), which treated a similar claim of an involuntarily entered plea due to attorney misrepresentation under the rubric for evaluating ineffective assistance of counsel.

producing a trial result that, to a reasonable degree of probability, would have been different, but for the error.[124]

The same standard applies to claims of ineffective assistance of counsel arising in cases where the defendant pled guilty, save for a modification of the second element. In such cases, prejudice from ineffective counsel is established by showing, absent the deficient performance, the defendant would have decided differently about pleading guilty.[125]

As much as this test may, at first, seem to support Pishok's claim, the Sixth Circuit in *Maples v. Stegall*[126] carefully analyzed the following additional language from the Supreme Court's holding in *Hill*:

> In many guilty plea cases ... the resolution of the "prejudice inquiry will depend largely on whether the affirmative defense would have succeeded at trial.

The Sixth Circuit in *Maples* then considered – and rejected – the same argument now propounded by Pishok that it is enough that he would not have pled guilty but for the misrepresentation of counsel concerning appellate rights, and no inquiry need be made as to whether his "lost" claim would have been meritorious on appeal. Specifically, the *Maples* Court determined that *Hill* requires that the reviewing court "must always analyze the

_____

[124] *Strickland*, 466 U.S. at 687.

[125] *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

[126] *Maples v. Stegall*, 340 F.3d 433 (6th Cir. 2003).

substance of the [habeas] petitioner's underlying claim, and that this inquiry will be dispositive to the resolution of the habeas action 'in many guilty plea cases.'"[127]

Here, the present habeas claim was presented to the Ohio appeals court which, employing the same logic as prescribed by *Maples*, concluded that:

> [T]he parole holder filed against Pishok was valid, because revocation procedures were properly initiated.  Because the parole holder was valid, the triple-count provision did not apply and Pishok's speedy trial appeal would not have been successful.  Therefore, we find that Pishok' ineffective assistance of counsel claim fails to meet the second prong of the *Strickland* test, because the outcome of the appeal was not affected by his trial counsel's deficient performance.[128]

Although this decision by the state court was reached without referencing *Hill* or *Maples,* the court did utilize the correct analysis and reached a result that was not contrary to the Supreme Court's holding in *Hill*.  Accordingly, I recommend denying this claim.

**E.     Pishok's motion for an evidentiary hearing on this petition should be denied.**

In a 52-page motion,  Pishok asked for an evidentiary hearing on this petition.[129]  The State did not respond.  Inasmuch as Pishok, who strenuously argues a contrary view of Ohio law as to his parole holder, has not shown that the state court determination of the relevant underlying facts in his case was "unreasonable," he has not met the threshold issue for the

---

[127] *Id*. at 440.

[128] ECF # 18, Attachment at 359-60.

[129] ECF # 22.

federal habeas court holding an evidentiary hearing.[130]  Accordingly, his motion should be denied.

## IV.  Conclusion

For the foregoing reasons, I recommend that Pishok's petition be dismissed in part and denied in part.

Dated:   October 25, 2007                                    s/ William H. Baughman, Jr.
                                                                            United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[131]

---

[130] *See*, *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

[131] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).