2007 DEC 17 P 12:49

[stamp illegible] OF OHIO CLEVELAND

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID J. PISHOK, | ) | CASE NO. 4:05 CV 1142 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| vs. | ) | |
| | ) | |
| DAVID BOBBY, Warden | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. ("R & R") (**ECF No. 23**). Pending is the habeas corpus petition filed, under 28 U.S.C. § 2254, by petitioner David J. Pishok ("Pishok") (**ECF No. 1**).

In his thorough and well-written Report and Recommendation, Magistrate Judge Baughman recommended that ground 1 of the petition be dismissed as procedurally defaulted, ground 5 be dismissed as failing to state a claim for federal habeas relief, and that grounds 2, 3, and 4 be dismissed on the merits.

Petitioner filed a 42-page objection to the Magistrate Judge's Report and Recommendation(**ECF No. 25**), which largely consisted of arguments petitioner made previously.

The Court has carefully reviewed Petitioner's objections, and overrules them for the following reasons:.

**Ground 1**: The trial court's hearing on the motion to dismiss for speedy trial act violations was not fair and impartial.

Magistrate Judge Baughman determined that this claim was procedurally defaulted, because Pishok did not present it to the Ohio Supreme Court in his discretionary appeal. Pishok counters that since the Ohio Court of Appeals held this claim was barred by the doctrine of *res judicata*, it would have been futile to raise this claim with the Ohio Supreme Court. Petitioner was required to raise this claim with the Ohio Supreme Court, notwithstanding the Ohio Court of Appeals' decision not to review it on the merits. He should have raised the *res judicata* issue with the Ohio Supreme Court. Further, while petitioner invokes ineffective assistance of appellate counsel as cause for his default, he cannot meet the prejudice prong of the Strickland standard, as he has not demonstrated that the decision of the Ohio Court of Appeals on the res judicata issue was incorrect.

**Ground 2**: Pishok's guilty plea was involuntary.

The Court has carefully reviewed Pishok's objections, and overrules them. Even if trial counsel erred in not informing Pishok that he could not appeal the alleged speedy trial act violation after pleading guilty, there was no underlying speedy trial violation.

**Grounds 3 and 4**: Ineffective assistance of appellate counsel for not raising the argument of ineffective assistance of trial counsel and the speedy trial act violations.

The Court has carefully reviewed Pishok's objections, and overrules them. Pishok has not demonstrated that there is a reasonable probability that, but for these alleged deficiencies of counsel, the result of his appeal would have been different.

**Ground 5**: The trial court abused its discretion in refusing to hold a hearing on Pishok's post-conviction relief petition.

The Court has carefully reviewed Pishok's objections, and overrules them. This claim is clearly not cognizable in a federal habeas action, as alleged errors in a state post-conviction proceeding are outside the scope of federal habeas review.

The Court has thoroughly reviewed the Magistrate Judge's Report and Recommendation and the Petitioner's Objections thereto, and agrees with the Magistrate Judge's conclusions. Accordingly, the Court hereby **OVERRULES Petitioner's Objections and ADOPTS the Magistrate Judge's Report and Recommendation Decision in full**.

The §2254 habeas corpus petition is **DENIED**. The above-captioned case is hereby ordered dismissed as final.

**IT IS SO ORDERED.**

Dan Aaron Polster
United States District Judge